UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELZHIGIT NURBEKOV, Petitioner, v. CHRISTOPHER LaROSE; DANIEL A. BRIGHTMAN; DAVID J. VENTURELLA; MARKWAYNE MULLIN; and TODD BLANCHE, Respondents. | Case No.: 3:26-cv-4600-JES-DDL **ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS** **[ECF No. 1]** |

Before the Court is Petitioner Elzhigit Nurbekov's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a native of Kyrgyzstan who entered the United States on November 14, 2024, and has been in custody since then, for a total of about 20 months to date. *Id.* ¶¶ 1, 18, 24.

While his immigration case is being litigated, Petitioner filed two petitions for writ of habeas corpus in the District of Arizona, where he was previously detained. *Id.* ¶¶ 38, 47. The first petition was denied on the merits on May 12, 2026. *Id.* ¶ 38. Petitioner subsequently filed the second petition on July 20, 2026. *Id.* ¶ 47. This petition is still pending. *See Nurbekov v. Rivas*, No. 26-cv-5061-DWL (D. Ariz.). Petitioner states that on or about August 12, 2026, he was transferred from his previous facility in Arizona to Otay

Mesa Detention Center ("OMDC"), which is within the jurisdiction of this Court. *Id.* ¶ 48. On that same day, Petitioner filed the instant petition here.

Petitioner argues that his transfer out of Arizona and to OMDC strips the District of Arizona of jurisdiction over the case. ECF No. 4. The Court agrees with Petitioner that habeas petitions challenging confinement should be brought in the district of confinement. *See id.* at 1. However, Petitioner does not cite to any authority that a subsequent transfer strips the original court of jurisdiction, and indeed, many cases hold otherwise. *See, e.g., Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[B]ecause jurisdiction attaches on the initial filing for habeas corpus relief, . . . it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *Bakhronov v. Warden, Golden State Annex*, No. 1:26-CV-04342-NW, 2026 WL 1826486, at *2 (E.D. Cal. June 24, 2026) ("Numerous district courts have recently retained jurisdiction over a habeas petition notwithstanding a petitioner's transfer out of the district."); *Rincon-Corrales v. Noem*, No. 2:25-CV-00801-APG-DJA, 2025 WL 1342851, at *2 (D. Nev. May 8, 2025) ("Once a petitioner has properly filed a habeas petition in the district of confinement, any subsequent transfer does not strip the filing district of habeas jurisdiction."). Furthermore, there is nothing to indicate that the District of Arizona court presiding over the pending case is refusing to exercise jurisdiction over the case, leaving Petitioner with no forum to hear his petition.

Therefore, given this procedural posture, the Court **DENIES WITHOUT PREJUDICE** this petition in light of the already pending petition in Arizona. The Clerk of the Court shall **CLOSE** the case.

**IT IS SO ORDERED.**

Dated: August 14, 2026

Honorable James E. Simmons Jr.
United States District Judge